UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELVIN X. SINGLETON,

    Petitioner,

    v.

SCOTT KERNAN,

    Respondent.

Case No. 17-cv-00468 EDL (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner proceeding *pro se*, filed a federal petition for writ of habeas corpus.[1] Petitioner has paid the $5.00 filing fee. For the reasons that follow, the court DISMISSES the petition.

## DISCUSSION

A.    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 5.

Case No. 17-cv-00468 EDL (PR)
ORDER OF DISMISSAL

1

or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     Petitioner's Claims

In the petition, Petitioner states that he is a member of the *Plata v. Brown*, No. C 01-1351 THE (N.D. Cal.), class action. He alleges that the Ninth Circuit Court of Appeals, on June 6, 2014, affirmed in part and reversed in part his civil rights case alleging deliberate indifference to his serious medical needs. *See Singleton v. Lopez*, No. 12-16036, 577 Fed. Appx. 733 (9th Cir. June 6, 2014). He argues that despite this favorable ruling from the Ninth Circuit, he continues to suffer from deliberate indifference to his serious medical needs and requests immediate release.[2] Petitioner is subject to mandatory urinalysis tests and "abusive unclothed body searches" which began when Petitioner was housed at CSP – RJ Donovan. In a separate civil rights suit, filed in the United States District Court for the Southern District of California, Petitioner alleged that prison officials at CSP – RJ Donovan conspired against him by lying or tampering with his urine samples, and did so in retaliation for a complaint filed against them in state court. In the underlying petition, Petitioner claims that prison officials at CSP – Sacramento have continued the mandatory urinalysis tests, and have a policy of allowing the tests to be conducted by officers who are not certified to do so, and specifically alleges that prison staff refuse to use a "low dose x-ray" on Petitioner which places Petitioner's mental and physical health in jeopardy.

The petition does not challenge either Petitioner's conviction or the length of his sentence. Thus, success in this action would not necessarily result in his release or any change in his

---

[2] The Court notes that in Petitioner's civil rights case, upon remand, Petitioner entered into a settlement agreement, and voluntarily dismissed the case with prejudice. *See Singleton v. Hedgpeth*, Case No. 08-cv-00095 EPG (E.D. Cal. Jun 2, 2016), dkt. no. 277. On November 1, 2016, the Defendants in that case filed a status report indicating that payment to Petitioner, pursuant to the settlement agreement, had been paid in full.

Case No. 17-cv-00468 EDL (PR)
ORDER OF DISMISSAL

2

sentence. Where, as here, a successful challenge to a prison condition or to action by an outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is the proper method of challenging conditions of confinement).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the civil action filing fee of $400.00 rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

Petitioner is advised that his claims should be brought, if at all, in a federal civil rights action, pursuant to 42 U.S.C. § 1983.

Should Petitioner filed a civil rights complaint, he is advised that venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the

Case No. 17-cv-00468 EDL (PR)
ORDER OF DISMISSAL

3

claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). It appears that Petitioner's allegations arose out of events occurring at CSP-Sacramento, where Petitioner is currently housed. Sacramento County is within the venue of the United States District Court for the Eastern District of California.

## CONCLUSION

For the foregoing reasons, this petition is DISMISSED without prejudice. The Clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Accordingly, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: March 29, 2017

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Case No. 17-cv-00468 EDL (PR)
ORDER OF DISMISSAL

4